# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| STEVEN TROY THOMAS,<br><br>*Petitioner,*<br><br>v.<br><br>STATE OF GEORGIA, *et al.*,<br><br>*Respondents.* | CIVIL ACTION NO.<br>5:18-cv-00384-TES-CHW |

## ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Steven Troy Thomas filed an Objection [Doc. 25] following the United States Magistrate Judge's Report and Recommendation ("R&R") [Doc. 24] to grant Respondent Jose Morales' Motion to Dismiss [Doc. 14] his petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 [Doc. 4]. *See* [Doc. 24 at pp. 2–3]. In light of his Objection, the Court is obligated to make a de novo determination of those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(A).

In his R&R, the magistrate judge recommends that Petitioner's habeas petition should be dismissed without prejudice given his failure to exhaust the available remedies in the courts of the State of Georgia. [*Id.* at p. 2 (citing 28 U.S.C. § 2254(b)(1)(A))]. After consideration of the R&R and over Petitioner's Objection, the Court **ADOPTS** the United States Magistrate Judge's recommendation, **GRANTS**

Respondent's Motion to Dismiss, and **DISMISSES** Petitioner's habeas corpus relief sought via 28 U.S.C. § 2254 **without prejudice.**

In his Objection, Petitioner argues that the magistrate judge is "in collusion with Respondents and their counsel . . . to wholly ignore the ostensible grounds of [his] writ of [h]abeas [c]orpus . . . ." [Doc. 25 at p. 1]. These grounds, according to Petitioner include, "actual innocence, lack of proper jurisdiction, lack of venue jurisdiction, and subordination of perjury." [*Id.*]. He claims that each of these grounds are "well[-]settled exceptions to the procedural bar erected by 28 U.S.C. § 2254(a)(1) and the [Antiterrorism and Effective Death Penalty Act]." [*Id.*].

After a review of applicable law, the Court finds that the arguments contained in his Objection simply just miss the mark. "A claim of actual innocence is normally used not as a freestanding basis for habeas relief, but rather as a reason to excuse the procedural default of an independent constitutional claim." *Mize v. Hall*, 532 F.3d 1184, 1195 (11th Cir. 2008). Further, "[a] claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules." *Id*. at 1190.

Here, Petitioner's claims are not procedurally defaulted, they are simply unexhausted. Only when it is clear that a habeas petitioner would be barred from raising claims in state court, will federal courts treat the unexhausted claims as procedurally defaulted. *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen

*it is obvious* that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.") (emphasis added). The Court should dismiss a federal habeas petition for further exhaustion in state court, unless the state court would be unable to review the claims. *Id*. at 736–37 ("[W]here . . . the unexhausted claims are procedurally barred from being considered in [state] courts, it would serve no purpose to dismiss the petition for further exhaustion because review of those claims would be unavailable in state courts.").

It is not obvious that Petitioner's claims, in this case, would be barred or unavailable. Petitioner could file a motion for an out-of-time appeal and he can certainly still file a state habeas action. *See* O.C.G.A. § 5-6-38; *see also* O.C.G.A. § 9-14-42 (four years to file a state habeas action for felony, non-capital convictions). Actual innocence is a possible (though unlikely) way to circumvent habeas-related procedural defaults; it is not, however, an excuse for failing to exhaust one's claims in a state-court habeas proceeding, because "[t]he function of federal habeas corpus is to redress constitutional errors, not to relitigate state criminal cases." *Mize*, 532 F.3d at 1195.[1]

---

[1] In other words, actual innocence is a gateway to procedurally defaulted and time-barred claims; it is not a doctrinal avenue that allows a petitioner to skip over still-available state remedies.

Accordingly, Petitioner's claims—including his actual innocence claim—are premature, and the Court **ADOPTS** the United States Magistrate Judge's Report and Recommendation [Doc. 24] over Petitioner's Objection. Consistent with that recommendation, the Court **GRANTS**[2] Respondent's Motion to Dismiss [Doc. 14] and **DISMISSES** Petitioner's habeas petition **without prejudice** giving him the right to file, in state court, either an out-of-time appeal or state habeas action in which he may raise his claims and any actual innocence allegations.[3]

**SO ORDERED**, this 26th day of August, 2019.

S/ Tilman E. Self, III<br>
**TILMAN E. SELF, III, JUDGE**<br>
**UNITED STATES DISTRICT COURT**

---

[2] When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying . . . claim[s]," the district court will not issue a Certificate of Appealability unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478, 483–84 (2000). Thus, in accordance with the magistrate judge's recommendation, Petitioner is accordingly **DENIED** a Certificate of Appealability. *See* [Doc. 24 at p. 4].

[3] In light of the Court's ruling in this Order, the Court **TERMINATES** Petitioner's Motion to Strike Respondents' Opposition to File a Full and Complete Record [Doc. 23] and Motion for Evidentiary Hearing on Respondents' Exhaustion Contention Before Other Than Said Magistrate [Doc. 26] **as moot**.